

U.S. Department of Justice

**Leah B. Foley**
United States Attorney
District of Massachusetts

Main Reception: (617) 748-3100

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

August 25, 2025

Peter Elikann, Esq.
Attorney at Law
127 Main Street
Charlestown, Massachusetts 02129

Re:  United States v. Eric L. Brown
     Criminal No. 25cr10383 NMG

Dear Mr. Elikann:

The United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Eric L. Brown ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

1. Change of Plea

Defendant will plead guilty to each count of an Information charging him with wire fraud, in violation of 18 U.S.C. § 1343 (Counts 1 and 2), and with engaging in money transactions in criminally derived property, in violation of 18 U.S.C. § 1957 (Count 3). Defendant admits that Defendant committed the crimes specified in these counts and is in fact guilty of each one.

2. Penalties

Defendant faces the following maximum penalties per count:

On Counts 1 and 2, incarceration for 20 years; supervised release for 3 years; a fine of $250,000 or twice the gross gain or loss to any person, whichever is greater; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Information.

On Count 3, incarceration for 10 years; supervised release for 3 years; a fine of $250,000 or twice the gross gain or loss to any person, whichever is greater; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Information.

Defendant understands that, if Defendant is not a United States citizen by birth, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of

any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

    3.    <u>Sentencing Guidelines</u>

The parties agree, based on the calculations below, that Defendant's total "offense level" under the Guidelines is 25.

The offenses charged in Counts 1, 2, and 3 group (USSG § 2S1.1, Application Note 6).

    a) Defendant's base offense level is 7 (USSG § 2B1.1);

    b) Defendant's offense level is increased by 14 levels, because Defendant caused more than $550,000, but not more than $1,500,000, in loss (USSG § 2B1.1(b)(1)(H));

    c) Defendant's offense level is increased by 2 levels, because Defendant caused substantial financial hardship to both Victims 1 and 2, in that each "suffer[ed] substantial loss of a retirement … or other savings or investment fund") (USSG § 2B1.1(b)(2)(iii), Application Note 4(f)(iii);

    d) Defendant's offense level is increased by 2 levels, because Defendant abused two positions of private trust as relates to Victim 2 in a manner that significantly facilitated the commission and concealment of the offense (USSG § 3B1.3);

    e) Defendant's offense level is increased by 2 levels, because Defendant knew or should have known that a victim of the offense was a vulnerable victim (USSG § 3A1.1(b));

    f) Defendant's offense level is increased by 1 level, because Defendant was convicted under 18 U.S.C. § 1957 (USSG § 2S1.1(b)(2)(A)); and

    g) Defendant's offense level is decreased by 3 levels, because Defendant has accepted responsibility for Defendant's crimes (USSG § 3E1.1).

Defendant understands that the Court is not required to follow this calculation or even to sentence Defendant within the Guidelines and that Defendant may not withdraw Defendant's guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4.   Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence to the Court:

a) incarceration for 27 months;

b) a fine within the Guidelines sentencing range as calculated by the parties, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

c) 36 months of supervised release;

d) a mandatory special assessment of $300, which Defendant must pay to the Clerk of the Court by the date of sentencing;

e) restitution of $910,000; and

f) forfeiture as set forth in Paragraph 6.

Notwithstanding the parties' agreement regarding Defendant's total offense level under the Sentencing Guidelines, defendant reserves the right to request that the Court vary its sentence below the otherwise applicable Guidelines Sentenceing Range.

Defendant agrees that for a period of three years beginning when he is released from any custodial term or placed on probation, whichever is later, he will: (1) provide a copy of the Information, this Agreement, and the Judgment in his case to the licensing authority for any state in which he proposes to provide therapy or counseling to others, or to any patient or prospective patient who asks about Defendant's offenses; (2) not provide therapy or counseling to others without a state-issued license; and (3) not serve as a fiduciary.

Defendant agrees that all criminal monetary penalties, including special assessment, restitution, forfeiture, and/or fine imposed shall be due and payable immediately, and further agrees that any Court-ordered repayment schedule does not preclude further enforcement or collection by the United States.

5.   Waiver of Appellate Rights and Challenges to Conviction or Sentence

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made

certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

    a) Defendant will not challenge Defendant's <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

    b) Defendant will not challenge Defendant's <u>sentence,</u> including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence, regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place</u>.

Defendant is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

6.     <u>Forfeiture</u>

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the following:

    a.     $910,000 in United States currency, to be entered in the form of an Order of Forfeiture (Money Judgment).

Defendant admits that $910,000 is subject to forfeiture on the grounds that it is equal to the amount of proceeds the defendant derived from the offense.

Defendant acknowledges and agrees that the amount of the forfeiture money judgment represents proceeds the Defendant obtained (directly or indirectly), and/or facilitating property

4

and/or property involved in, the crimes to which Defendant is pleading guilty and that, due at least in part to the acts or omissions of Defendant, the proceeds or property have been transferred to, or deposited with, a third party, spent, cannot be located upon exercise of due diligence, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty.  Accordingly, Defendant agrees that the United States is entitled to forfeit as "substitute assets" any other assets of Defendant up to the value of the now missing directly forfeitable assets.

Defendant agrees to consent to the entry of an order of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

If the U.S. Attorney requests, Defendant shall deliver to the U.S. Attorney within 30 days after signing this Plea Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest and all assets over which Defendant has exercised control, or has had any legal or beneficial interest.  Defendant further agrees to be deposed with respect to Defendant's assets at the request of the U.S. Attorney.  Defendant agrees that the United States Department of Probation may share any financial information about the Defendant with the United States Attorney's Office.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

7.   Protection of Assets for Payment of Restitution, Forfeiture and Fine

Without the written approval of the U.S. Attorney, Defendant agrees not to transfer, or to cause or allow anyone else to transfer, (a) any asset restrained by the Court or which Defendant has agreed to forfeit under this Agreement; or (b) any other asset in which Defendant has an interest.

The parties also agree, however, to the following exceptions to the above.  Defendant is free to transfer, or to cause or allow others to transfer:

    a) Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $10,000;

    b) Ordinary living expenses, so long as such assets do not exceed $20,000 per

5

  month; and

  c) Attorney's fees incurred in this criminal case.

8. <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

9. <u>Breach of Plea Agreement</u>

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

10. <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

11. <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

    \*  \*  \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Seth B. Kosto.

Sincerely,

LEAH B. FOLEY
United States Attorney

By: *KRISS BASIL* (Digitally signed by KRISS BASIL, Date: 2025.09.22 14:15:41 -04'00')

KRISS BASIL
Deputy Chief
Securities, Financial & Cyber Fraud Unit

*SETH KOSTO* (Digitally signed by SETH KOSTO, Date: 2025.09.22 14:09:36 -04'00')

SETH B. KOSTO
Assistant U.S. Attorney

7

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

_____
ERIC L. BROWN
Defendant

Date: 9-23-25

I certify that Eric L. Brown has read this Agreement and that we have discussed what it means. I believe Eric L. Brown understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_____
PETER ELIKANN, ESQ.
Attorney for Defendant

Date: September 23, 2025

8