UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ERIC L. BROWN,<br><br>        Defendant | No. 25-cr-10383-NMG<br><br>Violations:<br><br>Counts One and Two: Wire Fraud<br>(18 U.S.C. § 1343)<br><br>Count Three: Unlawful Monetary Transaction<br>(18 U.S.C. § 1957)<br><br>Count Four: Loan Fraud<br>(18 U.S.C. § 1014)<br><br>Loan Fraud Forfeiture Allegation:<br>(18 U.S.C. § 982(a)(2))<br><br>Wire Fraud Forfeiture Allegation:<br>(18 U.S.C. § 981(a)(1)(C) and<br>28 U.S.C. § 2461)<br><br>Money Laundering Forfeiture Allegation:<br>(18 U.S.C. § 982(a)(1)) |

INDICTMENT

At all times relevant to this Indictment:

General Allegations

1. Defendant ERIC L. BROWN lived in Massachusetts. BROWN was a licensed Massachusetts psychologist. In 2021 and 2022, BROWN had taxable income of more than $250,000 and more than $389,000, respectively, largely from a successful psychology practice.

2. Victim 1, who was BROWN's relative, lived in Connecticut.

3. Individual 1, who was another of BROWN's relatives, lived in Massachusetts.

1

4.    Victim 2 lived in Massachusetts. In October 2017, a drunk driver struck and seriously injured Victim 2.

5.    BROWN treated Victim 2 to address a mental health condition that arose from the accident. In that role, BROWN had a duty to act in Victim 2's best interest.

6.    In or about February 2022, Victim 2 asked BROWN to serve as the trustee of a trust benefitting Victim 2 ("the Trust"). The Trust's principal, which was Victim 2's share of a legal settlement from the accident, was initially $700,000. After becoming Victim 2's trustee, BROWN had exclusive control over the $700,000 that Victim 2 had entrusted to him. The Trust required BROWN to use the money for Victim 2's health, support, and maintenance. As Victim 2's trustee, BROWN had a duty to act in Victim 2's best interest.

7.    Beginning in or about March 2022, BROWN deposited the Trust's assets with a family member ("the Advisor") who worked at an asset management firm in Essex County, Massachusetts.

8.    Citizens Bank was a financial institution the accounts which were insured by the Federal Deposit Insurance Corporation.

## The Scheme to Defraud and the Loan Fraud

*BROWN Falls Victim to a Romance Scam*

9.    In or about August 2023, BROWN started an online relationship with a woman he knew as "Amy."

10.   "Amy" convinced BROWN to invest in precious metals and to fund his investments using cryptocurrency and bank wire transfers.

11.   In fact, "Amy" was a scammer, but BROWN believed otherwise at the time.

2

12. On or about September 22 and September 25, 2023, at Amy's prompting, BROWN converted approximately $25,000 of his own money to cryptocurrency and sent it to Fuex (Financial Urban Exchange LLC) Group Limited ("Fuex"), a purported financial technology company to which Amy directed him.

13. During the course of the scam, in order to gain BROWN's trust, Amy and unknown individuals behind Fuex sent BROWN records falsely suggesting that Amy also invested at the same time as BROWN and that BROWN's investments were profitable.

14. Beginning in or about October 2023, BROWN lied to Victim 1, Victim 2, Citizens Bank, and Individual 1 to obtain money to invest with Amy.

*BROWN Deceives Victim 1 to Obtain Money*

15. In or about October 2023, BROWN asked Victim 1 if BROWN could borrow $200,000. BROWN stated falsely to Victim 1 that the requested loan was to finance improvements on an office building BROWN owned in Newton, Massachusetts.

16. Victim 1 trusted BROWN, who had helped Victim 1 financially in the past, and he agreed to lend BROWN the $200,000 for the building improvements.

17. On or about October 12 and October 16, 2023, Victim 1 wired $200,000 to BROWN.

18. On or about October 19, 2023, at Amy's or Fuex's direction, BROWN wired $210,000, including the money BROWN borrowed from Victim 1, to a Hong Kong bank account.

*BROWN Deceives Victim 2 and the Advisor to Obtain Money*

19. In late October 2023, BROWN asked Victim 2 for her permission to invest the Trust's principal in a way that would earn the Trust better financial returns.

3

20.     BROWN did not disclose to Victim 1 that he intended to invest the Trust's principal in precious metals using cryptocurrency or overseas bank wires; that a young woman named Amy, whom BROWN had never met, was instructing BROWN on how to invest; and that BROWN believed that he was in a romantic relationship with Amy.

21.     Had Victim 2 known the facts alleged in paragraph 20 above, she would not have given BROWN permission to invest the Trust's money.

22.     On or about October 31, 2023, BROWN e-mailed the Advisor and stated falsely, "After speaking with [Victim 2], I have agreed to withdraw 600K from [the Trust's] account that she wants to apply to the purchase of a home."

23.     Thereafter—believing that BROWN was acting at Victim 2's direction—the Advisor liquidated $600,000 of the Trust's holdings and, on or about November 3, 2023, wired $600,000 to BROWN's personal account at Bank of America.

24.     On or about November 7 and November 8, 2023, as directed by "Amy" or others involved with the Fuex scam, BROWN sent two wires totaling the $600,000 that the Trust had been holding to benefit Victim 2 from his personal account at Bank of America to the Hong Kong bank account of SHENG PING CO. LIMITED.

*BROWN Makes a False Statement to Citizens Bank to Obtain Money*

25.     On or about November 15, 2023, shortly after sending Victim 2's money overseas, BROWN applied to Citizens Bank for a Home Equity Line of Credit ("HELOC").

26.     On or about November 16, 2023, in response to a Citizens Bank loan officer's question about what Brown intended to do with the loan proceeds, Brown stated falsely that he intended to consolidate debt and pay back taxes that he owed.

27. In early December 2023, BROWN closed on the HELOC, netting approximately $290,000 in loan proceeds.

28. As soon as BROWN received the loan proceeds, at the direction of "Amy" or others involved with the Fuex scam—BROWN wired approximately $305,000 to the Hong Kong bank account of WEIDEL LIMITED.

*BROWN Deceives Victim 1 Again to Obtain Money*

29. On or about January 11, 2024, BROWN attempted unsuccessfully to withdraw $250,000 from what he believed was his investment with Fuex.

30. On or about January 16, 2024, BROWN again attempted unsuccessfully to withdraw $250,000 from what he believed was his investment with Fuex.

31. On or about January 26, 2024, BROWN asked Victim 1 to borrow an additional $110,000 in connection with the same real estate improvements on the building in Newton. BROWN did not tell Victim 1 about Amy or that he instead intended to send Victim 1's money to a Hong Kong bank account in connection with his Fuex investments.

32. On or about January 29, 2024, BROWN wired $111,744, including the money Victim 1 had lent BROWN, from his personal account at Bank of America to the Hong Kong bank account of ZTMY LIMITED.

*Brown Deceives Another Relative, Individual 1, in an Attempt to Obtain Money*

33. On or about February 5, 2024, BROWN attempted unsuccessfully to withdraw $2,000,000 from what he believed was his investment with Fuex.

34. On or about February 9, 2024, BROWN e-mailed Individual 1 a request to borrow $150,000 "for a very short term loan." BROWN made several misrepresentations to Individual 1 regarding the proposed loan, including that BROWN:

5

      a.      was in the process of consolidating his debts into one loan;

      b.      had to first pay off an IRS tax debt that BROWN had incurred from cashing out his retirement plan prematurely; and

      c.      would then obtain a substantial home equity loan to immediately pay back Individual 1.

35.     Individual 1 refused to provide BROWN the money.

## COUNTS ONE AND TWO
### Wire Fraud
### (18 U.S.C. § 1343)

The Grand Jury charges:

36. The Grand Jury re-alleges and incorporates by reference paragraphs 1 to 35 of this Indictment.

37. On or about the dates below, in the District of Massachusetts and elsewhere, the defendant,

ERIC L. BROWN,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, to wit, wire transfers of Victim 1 and 2's funds to BROWN's Bank of America account in the United States as described below:

| Count | Approximate Date | Victim | Wire Amount | Transmitting Bank | Beneficiary |
|---|---|---|---|---|---|
| 1 | 10/12/2023 | 1 | $180,000 | Citibank | BROWN |
| 2 | 11/3/2023 | 2 | $600,000 | JPMorgan Chase | BROWN |

All in violation of Title 18, United State Code, Section 1343.

## COUNT THREE
## Unlawful Monetary Transaction
## (18 U.S.C. § 1957)

The Grand Jury further charges:

38. The Grand Jury re-alleges and incorporates by reference paragraphs 1 to 35 of this Indictment.

39. On or about November 7, 2023, in the District of Massachusetts and elsewhere, the defendant,

### ERIC L. BROWN,

did knowingly engage in a monetary transaction in criminally derived property of a value greater than $10,000, that is, a $280,000 wire transfer from his Bank of America account to a Hong Kong bank account in the name of Sheng Ping Co. Limited, where such property was derived from specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, as charged in Count Two.

All in violation of Title 18, United States Code, Section 1957.

## COUNT FOUR
## Loan Fraud
## (18 U.S.C. § 1014)

The Grand Jury further charges:

40.     The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 35 of this Indictment.

41.     On or about November 16, 2023, in the District of Massachusetts, the defendant,

### ERIC L. BROWN,

knowingly made a false statement or report, to wit, falsely claiming that he intended to consolidate date and pay back taxes with loan proceeds when he in fact intended to send the loan proceeds abroad to invest them, for the purpose of influencing in any way the action of Citizens Bank, an institution the accounts of which were insured by the Federal Deposit Insurance Corporation, upon any application or loan, to wit, BROWN's application for a Home Equity Line of Credit.

All in violation of Title 18, United States Code, Section 1014.

## WIRE FRAUD FORFEITURE ALLEGATION
## (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

42. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 1343, set forth in Counts One and Two, the defendant,

### ERIC L. BROWN,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, the following asset:

    a. $910,000, to be entered in the form of a forfeiture money judgment;

43. If any of the property described in Paragraph 42, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 42 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

## MONEY LAUNDERING FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(1))

The Grand Jury further finds:

44. Upon conviction of the offense in violation of Title 18, United States Code, Section 1957, set forth in Count Three, the defendant,

ERIC L. BROWN,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

    a. $280,000 to be entered in the form of a forfeiture money judgment;

45. If any of the property described in Paragraph 44, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 44 above.

All pursuant to Title 18, United States Code, Section 982(a)(1).

## LOAN FRAUD FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(2))

The Grand Jury further finds:

46. Upon conviction of one or more of the offense in violation of Title 18, United States Code, Section 1014, set forth in Count Four, the defendant,

ERIC L. BROWN,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, the following asset:

    a. $519,000, to be entered in the form of a forfeiture money judgment;

47. If any of the property described in Paragraph 46, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 46 above.

All pursuant to Title 18, United States Code, Section 982(a)(2).

A TRUE BILL

██████████████████

FOREPERSON

/s/ A. B.
SETH B. KOSTO
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: January 6, 2026
Returned into the District Court by the Grand Jurors and filed.

Dawn M. King  12:06pm
DEPUTY CLERK

15